IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MICHAEL E. HULL, | : |
| Plaintiff, | : CIVIL ACTION NO. _____: |
| v. | : |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | : |
| Defendant. | : |

## COMPLAINT

COMES NOW, Plaintiff in the above-styled action, MICHAEL E. HULL (hereinafter "Plaintiff"), and, pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001 et seq., shows this Court the following:

1.

Plaintiff is an individual residing at 3632 East Court Street, Iowa City, Johnson County, Iowa 52245.

2.

Plaintiff is a plan participant as defined by ERISA, and brings this action pursuant to 29 U.S.C. §1132(a)(1)(B) to recover benefits due to him under the terms of his plan.

3.

Defendant, Life Insurance Company of North America (hereinafter "Defendant"), is a corporation organized and existing pursuant to the laws of the State of Pennsylvania. Defendant at all times relevant to this Complaint maintained offices and conducted business in the State of Georgia. Service of process may be perfected upon Defendant's registered agent, C.T.

Corporation System, 289 S. Culver Street, Lawrenceville, Georgia  30046-4805.

4.

Jurisdiction is proper in this Court pursuant to 29 U.S.C. §1132(e)(1).

5.

Venue is proper pursuant to 29 U.S.C. §1132(e)(2).

6.

Plaintiff was employed as an EMS Pilot for Air Medical Group Holdings, Inc., which provided a Long Term Disability (LTD) Plan insured by Defendant (Policy No.: LK-0965162) (hereinafter "the Plan").  At all relevant times hereto, Air Medical Group Holdings, Inc., was an employer engaged in commerce; therefore, the Plan is governed by ERISA pursuant to 29 U.S.C. §1003(a).

7.

At all times during the course of his employment with Air Medical Group Holdings, Inc., Plaintiff was a participant in the Plan and is, therefore, entitled to LTD benefits from the same.

8.

Plaintiff's disability commenced on or about August 18, 2018, and he filed a timely LTD claim with Defendant.  Pursuant to the terms of the Plan, he was ineligible to receive benefits until the expiration of the applicable "elimination period" of 180 days.

9.

Plaintiff provided Defendant with medical documentation that showed he was "disabled" under the terms of the Plan due to a myriad of impairments, including but not limited to: coronary artery disease (CAD), dyslipidemia, hypertension (HTN), gastroesophageal reflux disease (GERD), and back pain.  Defendant approved Plaintiff's claim and paid him LTD

benefits through February 13, 2021. At that time, Defendant terminated Plaintiff's LTD benefits based on the Plan's definitional switch from "regular occupation" to "any occupation."

10.

On February 26, 2021, Plaintiff appealed Defendant's decision to terminate his benefits. Specifically, Plaintiff argued that he was "unable to earn 80% or more of his or her indexed earnings" and thus, met the Plan's definition of "disability."

11.

However, despite Plaintiff's argument, by letter dated March 10, 2021, Defendant denied Plaintiff's appeal and affirmed its decision to terminate Plaintiff's benefits.

12.

On July 9, 2021, Plaintiff again timely appealed Defendant's decision to terminate his LTD benefits. With said appeal, Plaintiff enclosed a June 9, 2021 "Employability Analysis," wherein the vocational expert opined that Plaintiff has and continues to meet the definition of "disabled" as defined in his LTD policy with Defendant.

13.

However, despite Plaintiff's argument and submissions, by letter dated July 16, 2021, Defendant upheld its decision to terminate Plaintiff's LTD benefits.

14.

On September 15, 2021, Plaintiff again appealed Defendant's decision to terminate his LTD benefits and provided additional information from the vocational expert supporting that Plaintiff continues to be "disabled" under the terms of the Plan.

15.

However, by letter dated September 27, 2021, Defendant again affirmed its previous decision

to terminate Plaintiff's LTD benefits and indicated that his claim was closed, no further benefits were payable, Plaintiff had exhausted all administrative levels of appeal, and no further appeals would be considered.

16.

Defendant's termination of Plaintiff's LTD benefits and failure to determine that Plaintiff remains eligible for LTD benefits on the basis of his LTD policy's definition of "disability" was "arbitrary and capricious" and the result of its disregard of the medical and vocational documentation showing that Plaintiff is "disabled" under the terms of the Plan.

WHEREFORE, Plaintiff prays that this Court:

(a) Order Defendant to pay Plaintiff the amount of his full LTD benefits accrued and unpaid to date;

(b) Order Defendant to reinstate Plaintiff's monthly LTD benefit to which he is entitled from this point forward;

(c) Order Defendant to pay Plaintiff interest on all monies due and owed;

(d) Deny Defendant any applicable offsets as equitable relief;

(e) Award Plaintiff reasonable attorneys' fees, and cast all costs of this action against Defendant; and

(f) Provide Plaintiff such other and further relief that this Court may deem appropriate under the circumstances.

RESPECTFULLY SUBMITTED, this 25th day of October 2021.

    WESTMORELAND, PATTERSON, MOSELEY
      & HINSON, LLP
    Attorneys for Plaintiff

    s/BRADLEY G. PYLES
    Georgia Bar No.: 590545

577 Mulberry Street, Suite 600
Post Office Box 1797
Macon, Georgia 31202-1797
(478) 745-1651
brad@wpmhlegal.com